UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:10-CV-00128-TBR

JACQUELINE M. BROOKS                                                  Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY                      Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Docket No. 30.) Along with her Motion, Plaintiff has submitted a limited power of attorney dated August 30, 2011, assigning any EAJA fee awards to counsel, Mark Pierce. (Docket No. 30-3.) The Commissioner has not responded in opposition to Plaintiff's Motion, and the time to do so now has passed.

Plaintiff filed her Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner denying her claim for benefits. (Docket No. 1.) On March 23, 2011, this Court adopted the Magistrate Judge's Report and Recommendation and affirmed the final decision of the Commissioner. (Docket No. 20.) Plaintiff appealed, and the United States Court of Appeals for the Sixth Circuit vacated the judgment entered by this Court and remanded this case with instructions that this Court return Plaintiff's claim to the Commissioner for further proceedings. (Docket No. 29.)

One primary purpose of the EAJA is to allow citizens to challenge federal government decisions in federal court regardless of their ability to pay for an attorney. The EAJA states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Subsection (d)(2)(A) defines "fees and other expenses" to include "reasonable attorney fees." EAJA fees also may include compensation for paralegal services at the prevailing market rate. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008).

Counsel for Plaintiff has submitted an affidavit and itemization detailing attorney fees in the amount of $12,082.75, representing 95.15 hours of attorney time at $125.00 per hour and 6.3 hours of paralegal time at $30.00 per hour. (Docket Nos. 30-1; 30-2.)

The Commissioner has not challenged Plaintiff's assertion that she was the "prevailing party" or that the Commissioner's position was not "substantially justified." The Commissioner also has not challenged the reasonableness of the fees requested.

Therefore, having considered Plaintiff's Motion, and being otherwise sufficiently advised;

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Fees and Expenses, (Docket No. 30), is GRANTED in the amount of $12,082.75;

2. The Commissioner shall DETERMINE whether this award is subject to any offset for debts owed to the United States;

3. If no debt is owed, the Commissioner shall ACCEPT the limited power of attorney assigning the EAJA award to counsel, Mark Pierce, and PAY Counsel directly;

4. If a debt is owed, the Commissioner shall make any EAJA award payable directly to Plaintiff and deliver it to Plaintiff's counsel, Mark Pierce;

5. In the event Plaintiff is awarded disability benefits upon remand to the Commissioner, counsel shall reimburse Plaintiff any fee that is duplicative of the fee awarded under 42 U.S.C. § 406(b).

IT IS SO ORDERED.

Date:

cc: Counsel
 AUSA